O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

NEILISA JANE SIDES,                    )    Case No. ED CV 14-2535 JCG
                     Plaintiff,        )    **MEMORANDUM OPINION AND**
           v.                          )    **ORDER**
                                       )
CAROLYN W. COLVIN,                     )
COMMISSIONER OF SOCIAL                 )
SECURITY,                              )
                     Defendant.        )
_____)

        Neilisa Jane Sides ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits.  Two issues are presented for decision here:

        1.      Whether the Administrative Law Judge ("ALJ") properly rejected Plaintiff's credibility (*see* Joint Stip. at 4, 17-20); and

        2.      Whether the ALJ properly evaluated the medical evidence, in particular, Plaintiff's treating physician's medical opinion and evidence of Plaintiff's migraine headaches (*see id*. at 4-11).

        The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

A.    The ALJ Properly Assessed Plaintiff's Credibility

Plaintiff contends that the ALJ improperly assessed her credibility.  (*See* Joint Stip. at 4, 17-20.)

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so."  *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines a claimant's complaints."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citations omitted).

Here, the ALJ provided at least six valid reasons for rejecting Plaintiff's credibility.

First, Plaintiff admitted she sought work after the date she alleged she became unable to work.  (Administrative Record ("AR") at 15, 32); *Lenhart v. Astrue*, 252 F. App'x 787, 789 (9th Cir. 2007) (ALJ reasonably determined claimant exaggerated symptoms in part because he applied for a job and collected unemployment benefits); *Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988) (ALJ properly discredited the claimant's testimony in part because he held himself out as available for work).

Second, Plaintiff said she had no complications with her knees after her replacement surgeries, and now requires "[j]ust regular check ups."  (AR at 15, 36, 395); *Lenhart*, 252 F. App'x at 789 (ALJ properly discredited claimant in part because surgery was generally successful in relieving symptoms).

Third, Plaintiff admitted that counseling and medication were effective in treating her mental symptoms, and medication also helped her incontinence and other impairments.  (AR at 15, 35-36, 38, 40, 43, 50, 502); *see Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (ALJ properly rejected claimant's subjective complaints because she responded favorably to conservative treatment of therapy and medication).

Fourth, Plaintiff's daily activities – including being able to tend to her own personal needs, drive, shop in stores and online, cook, clean, complete household chores, and handle finances – are inconsistent with her allegation of complete disability.  (AR at 14-17, 226, 511); *see Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (in discounting claimant credibility, ALJ may properly rely on daily activities inconsistent with claim of disability, including claimant's ability to care for personal needs, drive, shop, and perform routine household chores).

Fifth, the ALJ observed that, despite Plaintiff's allegations of an inability to concentrate, she could process questions without difficulty, respond without delay, and pay attention throughout the hearing.  (AR at 16, 28-54); *see Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (ALJ's "observations of a claimant's functioning" at the hearing are permissible as part of the overall credibility assessment but "may not form the sole basis for discrediting a person's testimony").

Sixth, Plaintiff's allegations of severe physical and mental symptoms contradicted the objective medical evidence.  (AR at 16); *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistencies with objective evidence, when combined with other factors, are valid reasons for rejecting a claimant's testimony). For example: (1) treatment notes indicated Plaintiff's left knee was doing "fine" and that she had no problems after a stroke; (2) x-rays of both knees showed excellent alignment and fixation of prosthesis; (3) a CT scan of Plaintiff's head was normal; and (4) treatment notes indicated Plaintiff's mood improved with medication and therapy sessions, her thoughts were logical and her memory was intact, and she denied hallucinations.  (AR at 16-17, 395, 426, 514, 517-18, 522, 544, 551, 572.)

Thus, the ALJ properly discounted Plaintiff's credibility.

B.   The ALJ Properly Evaluated the Medical Evidence

1.   Treating Physician's Opinion

Next, Plaintiff contends that the ALJ improperly rejected the opinion of her treating psychiatrist, Dr. Marcia Hudson.  (*See* Joint Stip. at 4-9.)

3

As a general rule, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *Lester*, 81 F.3d at 830.

Here, the ALJ properly rejected Dr. Hudson's opinion that Plaintiff would miss more than four days of work a month, for three reasons.

First, Dr. Hudson's conclusions regarding Plaintiff's "mental residual functional capacity" ("RFC") and her "inability to work" are issues reserved for the Commissioner.  (AR at 18, 575, 578-79); *see Lynch Guzman v. Astrue*, 365 F. App'x 869, 870 (9th Cir. 2010) (a claimant's RFC "is an administrative finding reserved to the Commissioner"); 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) (statements by a medical source that a claimant is . . . "unable to work" "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner").

Second, Dr. Hudson's opinion contradicted the objective medical evidence, discussed above.  (AR at 18); *see Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("[I]t was permissible for the ALJ to give [the treating physician's opinion] minimal evidentiary weight, in light of the objective medical evidence and the opinions and observations of other doctors.").

Third, Dr. Hudson's opinion contradicted Plaintiff's admitted daily activities, discussed above.  (AR at 18); *see Colter v. Colvin*, 554 F. App'x 594, 595 (9th Cir. 2014) (ALJ properly disregarded threating physicians' opinions because assessments were inconsistent with claimant's own descriptions of her daily activities).

Thus, the ALJ properly rejected Dr. Hudson's opinion.

### 2.    Migraine Headaches

Finally, Plaintiff contends that the ALJ found that she had the severe impairment of migraine headaches, but failed to impose any limitation based on this impairment in the RFC.  (*See* Joint Stip. at 9-11.)

"If an ALJ finds a severe impairment at step two, that impairment must be considered in the remaining steps of the sequential analysis." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  Specifically, when the ALJ determines a claimant's RFC between steps three and four, the ALJ shall consider the combined impact of all of a claimant's medically cognizable impairments on the claimant's ability to work.  *See* 20 C.F.R. §§ 404.1523, 416.923; *see also Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996).  But unlike the analysis at step two, where the ALJ examines the degree of limitation, the RFC is the most a claimant can do, "*despite* [her] limitations."  20 C.F .R. §§ 404.1545(a)(1), 416.945(a)(1) (emphasis added).

Here, first, in fashioning the RFC the ALJ properly "considered all symptoms" and specifically found Plaintiff was able to (1) understand, remember, and carry out only simple job instructions, (2) maintain attention and concentration to perform only simple, routine, and repetitive tasks, and (3) perform unskilled work.  (AR at 15, 20.)  Plaintiff does not explain how this fails to account for any limitations from her headaches.  *See Mitchell v. Astrue*, 2010 WL 519703, at *6 (E.D. Cal. Feb. 12, 2010) (argument – that because ALJ found severe impairment at step two, impairment must have imposed limitations that should have been included in RFC – "fails because it tries to impose a step two finding on the RFC determination"), *aff'd*, 438 F. App'x 617 (9th Cir. 2011).

Second, Plaintiff points to no objective evidence of any specific functional limitation due to her headaches that renders her incapable of work.  *See Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1190 (W.D. Wash. 2013) (treatment notes referencing headaches and migraine medications did not establish any specific functional limitations caused by claimant's headaches).

1    Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered

2  **AFFIRMING** the decision of the Commissioner denying benefits.

3

4  DATED:  September 08, 2015

5  _____

6                                              Hon. Jay C. Gandhi
                                             United States Magistrate Judge
7

8                                    ***

9

10  **This Memorandum Opinion and Order is not intended for publication.  Nor is it
    intended to be included or submitted to any online service such as
    Westlaw or Lexis.**

11

12                                   ***

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28